**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cr-20328-BLOOM**

UNITED STATES OF AMERICA,

v.

OLGA RAMIREZ-FUENTES,

    Defendant.

_____/

**<u>ORDER DENYING MOTION TO REDUCE SENTENCE</u>**
**<u>AND/OR COMPASSIONATE RELEASE</u>**

**THIS CAUSE** is before the Court upon Defendant Olga Ramirez-Fuentes's Motion to

Reduce Sentence and/or Compassionate Release, ECF No. [71] ("Motion"). The Government filed

a Response in Opposition, ECF No. [73], to which Defendant filed a Reply, ECF No. [74]. The

Court has carefully considered the Motion, the supporting and opposing submissions, the record

in this case, the applicable law, and is otherwise fully advised. For the reasons that follow,

Defendant's Motion is denied.

**I.     BACKGROUND**

On August 2, 2023, Defendant was arrested and charged with possession with intent to

distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). *See* ECF Nos. [1], [2]. On August 15,

2023, a grand jury returned an Indictment against Defendant and a Codefendant, charging them

with conspiracy to possess with intent to distribute fentanyl in violation of 21 U.S.C. § 846, and

possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). *See* ECF No.

[10]. Defendant pled guilty to the Indictment and was sentenced to 41 months' imprisonment

followed by two years of supervised release for each count, with the sentences to run concurrently.

ECF Nos. [34], [68]. In July 2025, Defendant was released to serve the remainder of her sentence

on home detention at a halfway house; however, she was taken back into custody on August 5, 2025, due to a miscalculation of her release date. ECF Nos. [71] at 2; [73] at 5.

Defendant's Motion seeks to reduce her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contends extraordinary and compelling circumstances warrant such relief due to Defendant's serious medical condition, good conduct, family circumstances, and her miscalculated release and rearrest. *See* ECF No. [71]. The Government responds that Defendant's stated reasons do not qualify as extraordinary or compelling circumstances justifying relief and statutory factors weigh against compassionate release. *See* ECF No. [73].

## II.    LEGAL STANDARD

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). "The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is one such authorization. In order to grant a defendant's request pursuant to § 3582(c)(1)(A), the Court must first find that defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *See United States v. Curtis*, 21-cr-10554, 2022 WL 2866669, at *1 (11th Cir. July 21, 2022) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The Court must then determine that "(1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) § 3553(a) sentencing factors weigh in favor of a reduction." *United States v. Giron*, 15 F.4th 1343, 1345-46 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). If the district court finds that one of these three requirements is not met, it need not examine the others. *Id.* at 1348-50.

The Eleventh Circuit has held any reduction under § 3582(c)(1)(A) must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; and (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.   DISCUSSION

As an initial matter, the Government concedes that Defendant has exhausted her administrative remedies. ECF No. [73] at 4 n.2. Thus, the Court turns to whether Defendant has met her burden to show that extraordinary and compelling reasons, consistent with § 1B1.13, warrant a sentence reduction.

### A.  Extraordinary and Compelling Reasons

### 1.  Medical Circumstances—§ 1B1.13(b)(1)(B)

Defendant argues § 1B1.13(b)(1)(B) warrants a sentence reduction because she is "suffering from a serious physical or medical condition, namely hypothyroidism." ECF No. [71] at 3. Defendant was diagnosed with and received treatment for thyroid cancer in 2008-2009. *Id.* She is now cancer-free but contends that she is not receiving adequate care to properly manage and monitor her condition. *Id.* She notes that BOP doctors lowered the dosage of her required daily medication. *Id.* The Government responds that Defendant's medical condition does not qualify as an extraordinary and compelling circumstance to warrant compassionate release. ECF No. [73] at 4. The Government argues that the medical records Defendant provided with her Motion demonstrate that she is "routinely seen by BOP's medical staff to monitor her health and given appropriate care." *Id.* (citing ECF No. [71-3]). In Reply, Defendant states that her medication dosage has been corrected, but she is experiencing anemia, amenorrhea, and frequent dizziness and that these conditions could have been avoided had she received proper care. ECF No. [75] at 2-3.

Under § 1B1.13(b)(1), the following "medical circumstances of the defendant" can qualify as "extraordinary and compelling reasons" justifying compassionate release: (A) the defendant is suffering from a terminal illness; (B) the defendant has a serious physical condition or cognitive

impairment or is experiencing deteriorating health from the aging process and such condition, from which she is not expected to recover, substantially diminishes her ability to provide self-care in prison; (C) the defendant needs long-term or specialized medical care that is not being provided and without which she is at risk of serious deterioration of health or death; and (D) the defendant's facility is experiencing an outbreak of infectious disease, the defendant is at high risk of severe illness from that disease, and such risk cannot be mitigated in a timely manner. U.S.S.G. § 1B1.13(b)(1)(A)–(D).

Here, Defendant has not demonstrated that she has a serious medical condition that satisfies § 1B1.13(b)(1)(B). Defendant has not alleged how hypothyroidism, anemia, amenorrhea, and frequent dizziness substantially diminishes her ability to provide self-care, nor has she alleged she is not expected to recover from these conditions. Defendant generally asserts she is not receiving proper care. However, Defendant's statements contradict that assertion. Defendant demonstrates that BOP doctors have been responsive to her condition by increasing her medication dosage and that she is being seen by medical personnel as exhibited in the medical records attached to her Motion. *See* ECF Nos. [71-3]; [74] at 2-3. Other than alleging adverse effects from the medication change that has since been corrected, Defendant has not substantiated her claim that her medical care is inadequate. Moreover, even if Defendant had demonstrated inadequate medical treatment, without showing a sufficiently serious medical condition, such treatment is not an extraordinary and compelling reason for compassionate release. *See United States v. Shelley*, 15-cr-20677, 2024 WL 4880486, at *3 (S.D. Fla. Nov. 25, 2024); *see also United States v. Hernandez-Miranda*, No. 21-13178, 2022 WL 1113122, at *2 n.6 (11th Cir. Apr. 14, 2022) ("To the extent that [defendant] seeks to challenge his conditions of confinement, including alleged inadequate medical care, § 3582(c) is not the proper vehicle to do so.").

### 2. Family Circumstances—§ 1B1.13(b)(3)

Defendant argues that her family circumstances qualify as an extraordinary and compelling reason under § 1B1.13(b)(3) because she is the only "available and adequate caretaker" for her two minor children. ECF No. [74] at 3. She states that the children's father "is not in the picture," her eighteen-year-old daughter, who is still a student, is "not realistically able to be a full-time caregiver," and her sisters are "unable to care for her children – neither logistically nor financially." ECF Nos. [71] at 4; [74] at 3. The Government responds that this situation does not qualify for a reduction in sentence because the Court had already addressed Defendant's concerns regarding custody and neither her daughter nor her sisters "have died or are incapacitated." ECF No. [73] at 4-5. The Court agrees with the Government.

Section 1B1.13(b)(3) defines family circumstances that qualify as extraordinary and compelling reasons for compassionate release. As relevant here, extraordinary and compelling reasons exist upon a caregiver's "death or incapacitation." U.S.S.G. § 1B1.13(b)(3). Here, Defendant does not argue that her sisters or her adult daughter is incapacitated. Her children's caregiving arrangements may not be ideal, but her circumstances plainly do not qualify as extraordinary and compelling under § 1B1.13(b)(3) to warrant a sentence reduction.

### 3. Other Circumstances Similar in Gravity—§ 1B1.13(b)(5)

Defendant further argues that her medical history, good conduct, and circumstances surrounding her miscalculated release and rearrest are "similar in gravity" to the enumerated reasons and justify relief pursuant to § 1B1.13(b)(5). ECF No. [71] at 5. The Government responds that BOP mistakenly releasing Defendant early is not a reason "similar in gravity" to justify release. ECF No. [73] at 5.

"Section (b)(5), commonly referred to as the 'catchall provision,' recognizes that the

Sentencing Commission could not possibly identify the myriad extraordinary and compelling reasons that might warrant a sentence reduction and that judges are in a unique position to determine what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence." *United States v. Smith*, 762 F.Supp.3d 1249, 1253 (S.D. Fla. 2024) (quoting *United States v. Nunez*, No. 23 CR 517, 2024 WL 4504493, at *3 (S.D.N.Y. Oct. 16, 2024)).

The Court finds that the combination of Defendant's circumstances does not warrant release. Beyond stating that her release and re-arrest was traumatic for her family and suggesting it was the result of overcrowding at the halfway house, Defendant does not provide any details to demonstrate that situation is similar in gravity to any of the enumerated reasons. *See* ECF No. [71] at 5. Moreover, Defendant cites her good conduct but fails to establish why her good conduct warrants release. *See* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[. . .]. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). Without further elaboration, Defendant's bare assertion that the combination of these circumstances is similar in gravity to satisfy § 1B1.13(b)(5) is insufficient to satisfy her burden. Thus, the Court does not find that the combination of Defendant's health history, good conduct, and mistaken release qualify as extraordinary and compelling.

Accordingly, Defendant has not demonstrated extraordinary and compelling reasons exist to warrant compassionate release. Because Defendant has not met this requirement under § 3582(c)(1)(A), the Court need not consider whether the § 3553(a) factors support relief. *See Giron*, 15 F.4th at 1345-46.

Case No. 23-cr-20328-BLOOM

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence and/or Compassionate Release, **ECF No. [71]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record